UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIAOHUA HUANG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STEVE MORROW, et al.<br><br>　　　　Defendants. | Case No. 20-cv-07751-JCS<br><br>**ORDER REGARDING MOTION TO SEAL PREVIOUSLY FILED DOCUMENTS**<br><br>Re: Dkt. No. 26 |

　　　　Plaintiff Xiaohua Huang, pro se, moves to seal two versions of his second amended complaint, docket entries 17 and 18, on the basis that portions of those documents contain "many highly sensitive information related to some individuals and corporation obtaining and taking the trade secret from Plaintiff through measures which could be improper," including "the chip floor plan and the schematic which are trade secrete [sic] of the chip manufacture," "many trade secrete [sic] of TCAM design data including the schematic and the data . . . which should not be disclosed publicly to hurt the interest in the companies for their competitors to copy," and "some schematic and layout which were extracted from the chips of the accused products made by Cisco and NetlogicMicrosystems, which are highly confidential schematic and layout (equivalent to confidential source code)." Mot. to Seal (dkt. 26).

　　　　Although Huang is representing himself and is not a lawyer, he has filed and represented himself in more than ten patent cases in this Court over multiple years. *See, e.g.*, *Huang v. Nephos Inc.*, No. 3:18-cv-06654-WHA (N.D. Cal.); *Huang v. Open-Silicon, Inc.*, No. 4:18-cv-00707-JSW (N.D. Cal.). The Court expects Huang to have familiarized himself with basic requirements of procedure and to comply with them if he continues to use this Court to pursue his myriad claims.

　　　　In civil action in federal court, a party must show "compelling reasons" to file a document under seal in connection with a motion "more than tangentially related to the merits," which

includes a complaint. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1102 (9th Cir. 2016). Requests to file under seal "must be narrowly tailored to seek sealing only of sealable material," which often requires redactions rather than sealing of documents in their entirety. *See* Civ. L.R. 79-5(b). Civil Local Rule 79-5, cited in Huang's present motion, governs motions to file under seal in this Court and sets the following requirements:

> **(d) Request to File Document, or Portions Thereof, Under Seal.**
> A party seeking to file a document, or portions thereof, under seal ("the Submitting Party") must:
>
>   (1) File an Administrative Motion to File Under Seal, in conformance with Civil L.R. 7-11. The administrative motion must be accompanied by the following attachments:
>
>     (A) A declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable. Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable. The procedures detailed in Civil L.R. 79-5(e) apply to requests to seal in which the sole basis for sealing is that the document(s) at issue were previously designated as confidential or subject to a protective order.
>
>     (B) A proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed.
>
>     (C) A redacted version of the document that is sought to be filed under seal. The redacted version shall prominently display the notation "REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED." A redacted version need not be filed if the submitting party is seeking to file the entire document under seal.
>
>     (D) An unredacted version of the document sought to be filed under seal. The unredacted version must indicate, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version, and prominently display the notation "UNREDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED." The unredacted version may be filed under seal pursuant to Civil L.R. 79-5(c) before the sealing order is obtained. Instructions for e-filing documents under seal can be found on the ECF website.

Civ. L.R. 79-5(d).

Huang has not followed those requirements. Among other deficiencies, his motion lacks a supporting declaration, a proposed order, redacted versions of the documents at issue suitable for filing in the public record, and unredacted highlighted versions of the documents identifying the

material proposed for redaction. Moreover, the Local Rules contemplate filing an administrative motion to seal *at the time the documents are filed*. Here, Huang filed the documents at issue more than two weeks before he sought to seal them, they have been available in the public docket since they were filed, and he has provided no explanation for his delay.

The Local Rules provide additional procedures where a party seeks to seal documents based on another party's designations of confidentiality under a protective order:

> **(e) Documents Designated as Confidential or Subject to a Protective Order.** If the Submitting Party is seeking to file under seal a document designated as confidential by the opposing party or a non-party pursuant to a protective order, or a document containing information so designated by an opposing party or a non-party, the Submitting Party's declaration in support of the Administrative Motion to File Under Seal must identify the document or portions thereof which contain the designated confidential material and identify the party that has designated the material as confidential ("the Designating Party"). The declaration must be served on the Designating Party on the same day it is filed and a proof of such service must also be filed.
>
>    (1) Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable.
>
>    (2) If the Designating Party does not file a responsive declaration as required by subsection 79-5(e)(1) and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied. A Judge may delay the public docketing of the document upon a showing of good cause.

Civ. L.R. 79-5(e). In this Court's view, those procedures are also appropriate where, as here, a party seeks to seal documents based solely on some other party's interests in confidentiality, even if no protective order is in place to provide for formal designation by that other party.

Despite Huang's failure to comply with the Local Rules, the Court hereby SEALS docket entries 17 and 18 in an abundance of caution because Huang's motion implicates the confidentiality interests of third parties. The Court will not, however, consider those documents for any purpose *except* to adjudicate the pending motion to dismiss (dkt. 16) and motion for leave to amend (dkt. 19), unless and until Huang files a new administrative motion to file under seal that complies with Civil Local Rule 79-5, including subparts (d) and (e). If the Court declines to

1  dismiss the case and grants Huang leave to amend—issues that this order does not reach—Huang
2  will be required to file a new administrative motion that complies with the Local Rules before he
3  may proceed with the case on his second amended complaint.
4  **IT IS SO ORDERED.**
5  Dated: January 21, 2021

   JOSEPH C. SPERO
   Chief Magistrate Judge