UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIAOHUA HUANG,<br><br>    Plaintiff,<br><br>    v.<br><br>STEVE MORROW, et al.<br><br>    Defendants. | Case No. 20-cv-07751-JCS<br><br>**ORDER REQUIRING CLARIFICATION OF NOTICE OF DISMISSAL, CONTINUING HEARING, DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL, AND DISREGARDING NOTICES OF PURPORTED CONFLICTS OF INTEREST**<br><br>Re: Dkt. Nos. 28, 31, 32, 33 |

## I. NOTICE OF DISMISSAL

Plaintiff Xiaohua Huang, pro se, initially filed this case against Defendants Steve Morrow, Genesis Global, and Genesis Global Hardware, Inc. Huang has since filed a motion for leave to file a second amended complaint that would remove all claims against Morrow (*see* dkts. 18, 19), and has now filed a notice of voluntarily dismissal of his claims against Genesis Global Hardware under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure (dkt. 33). The notice of dismissal is sufficient to dismiss Huang's claims against Genesis Global Hardware without an order of the Court. Although the Court has not yet ruled on whether Huang should be permitted to file his second amended complaint, Huang is free to dismiss claims against Morrow under Rule 41(a)(1)(A)(i) as well if he so chooses. As far as the Court is aware, no significant difference has been identified thus far in the case between Genesis Global and Genesis Global Hardware. It is therefore not entirely clear whether Huang intended to dismiss claims against both of those defendants, or if he still wishes to pursue any claims against Morrow or Genesis Global.

Accordingly, Huang is ORDERED to file a response to this order no later than February 12, 2021 stating whether he wishes to dismiss the case as a whole or intends to pursue claims

against any defendant. **If Huang does not file a response by that date, the Court will construe his notice as voluntarily dismissing under Rule 41 all claims in the case, against all defendants.** The hearing and case management conference previously set for February 12, 2021 are CONTINUED to February 26, 2021 at 9:30 AM.

## II. ADMINISTRATIVE MOTION TO FILE UNDER SEAL

On January 21, 2021, the Court addressed a previous motion by Huang to file documents under seal, noting among other deficiencies that Huang failed to comply with the procedures of Civil Local Rule 79-5 for seeking leave to file under seal based on another party's interest in confidentiality. In an abundance of caution, the Court allowed the materials implicated by that motion to remain under seal for the purpose of other pending motions, but stated that if the case proceeded beyond those motions, Huang would be required to file a new administrative motion that complied with this Court's local rules before the documents could be considered for any other purpose. *See* dkt. 27.

On January 24, 2021, Huang filed a second motion to file under seal a reply brief and certain exhibits in support of his motion for leave to amend his complaint. *See* dkt. 28. That motion once again rests on confidentiality interests of third parties—according to Huang, the documents at issue "contain[] the chip floor plan and the schematic which are trade secrets of the chip manufacture," but Huang has not complied with Civil Local Rule 79-5(e) as directed by the Court's previous order.[1] Huang did not file any proof of service in conjunction with his motion. The administrative motion is therefore DENIED, and the Court will not consider the unredacted versions of the documents at issue unless Huang files them in the public record no later than February 12, 2021. *See* Civ. L.R. 79-5(f).

If Huang: (1) intends to proceed with the case (as opposed to voluntarily dismissing all claims as discussed above), (2) believes the unredacted information he sought to seal is necessary to the Court's resolution of the pending motions, and (3) believes that he would breach a duty of confidentiality owed to a third party by filing the documents in the public record; he may file a

---

[1] Defense counsel also stated that Huang had not served the unredacted documents on them, although Huang has since represented that he remedied that error. *See* dkts. 29, 30.

1  new administrative motion to file under seal that complies with all applicable local rules and
2  orders of the Court no later than February 12, 2021.  Any such motion must include a clear
3  statement in Huang's declaration that he believes filing the documents in the public record would
4  breach a duty to a third party, as well as proof of service on any such third party and on defense
5  counsel.

**III.     NOTICES REGARDING PURPORTED CONFLICT**

Huang has also filed a notice of what he believes to be a conflict of interest of defense counsel, and a notice of a purportedly threatening email sent to him by defense counsel in response to the notice of purported conflict.  *See* dkts. 31, 32.  Neither notice seeks any relief from the Court.  The Court therefore disregards them.

**IT IS SO ORDERED.**

Dated: February 9, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge